JAMES R. MOONEY, APPELLEE, v. ALDERMAN S. NEW-
BERN, IMPLEADED, ETC., APPELLANT.

Argued May 4, 1927—Decided May 24, 1927.

Contracts—Construction—A Subcontractor Having Completed a
Part of His Work was Directed by Contractor to Stop—He
Finished the Work and Sued For Compensation—Held, That
He May Stop and Sue For Damages or Continue and Sue
For Contract Price.

On appeal from the Orange District Court.

Before Justices PARKER and CAMPBELL.

For the appellant, *Abraham M. Herman.*

For the appellee, *Edward L. Davis.*

PER CURIAM.

Plaintiff was a subcontractor with defendant Newbern,
principal contractor, on a house of the other defendant Dol-
son. We do not discover from the state of the case whether
plaintiff's contract with Newbern was in writing; probably
it was not, as there is a dispute on the evidence whether the
contract price was $530 or $535, a question which is imma-
terial because the action was in the District Court and the
excess over $500 was waived as required by the statute. The
contract of Dolson with Newbern was apparently in writing,
and filed. After the plaintiff was about half through the
work on his subcontract he needed money, asked Newbern
for a payment on account, but failed to get it. He served
two stop-notices in succession on Dolson, the owner, and the
suit against the latter is based on these stop-notices and on
Dolson's separate express promise to pay him if he would
go on and finish the subcontract. There was a judgment
against Dolson with which we are not concerned, as he does
not appeal.

Plaintiff also pressed his claim against Newbern and had judgment for $500 of the contract price above noted, and this is the subject-matter of the appeal. The grounds of appeal are that the court refused to nonsuit, and that the court directed a verdict for the plaintiff.

It appeared without contradiction that plaintiff had proceeded to finish the work after receiving the express promise of Dolson to pay him for so doing; and it is claimed that this amounted to a novation releasing Newbern, and that this required a nonsuit. We do not regard it as a novation, but as a supplemental contract by the owner superadding his responsibility to that of Newbern. There is nothing to show that Newbern was consulted at all in the negotiations between plaintiff and Dolson. In a novation involving three parties, such as an old debtor, a new debtor, and the creditor, it must appear that all three concurred in the substitution of the new debtor for the old and the release of the latter. 29 *C. J.* 1136. The case is barren of any assent between plaintiff and Newbern to the release of the latter and the acceptance of Dolson's obligation in lieu of that of Newbern. The nonsuit was properly denied.

As to the direction of a verdict, the case was this: the original subcontract was not denied. It was asserted by Newbern, and denied by the plaintiff, that Newbern had notified plaintiff not to finish his work. This was, of course, a jury question if material, but the judge considered it was not, and we agree with him. The judge properly held that one party to an entire contract not completely performed by the other cannot cancel or reduce his liability by notifying the other party not to complete. There is a line of cases (*Wilson* v. *Borden,* 68 *N. J. L.* 627, &c.) in which the contractor is in effect turned off the premises by the owner; but that is not this case. If Dolson had told Newbern to stop work, a different situation would arise. But when Newbern told plaintiff to stop halfway on a job in another man's house, it was optional with plaintiff to stop and sue for damages, or to go on and complete his original contract and demand the stipulated price. We see no substantial

NEW JERSEY MISCELLANEOUS REPORTS. 587

Supreme Court—Lehigh Valley R. R. Co. v. Bd. Pub. Utility Com.

distinction between this case and a case where A agrees to pay B $50 for making a suit of clothes, or a table, or what-not, and tells B to stop work before he has finished the job. B may stop if he chooses, and sue for damages; or refuse to stop, and hold A for the contract price.

There being no dispute about the material facts, the verdict was properly directed.

It is intimated in the brief that plaintiff refused to proceed with the work unless he received a payment on account, but we do not find this in the state of the case and therefore have given it no consideration.

The judgment will be affirmed.