J. SHLAINSEY, INC., PLAINTIFF-RESPONDENT, v. JENNIE S. AITKEN AND HENRY W. AITKEN, DEFENDANTS-APPELLANTS.

Submitted May 31, 1941—Decided September 19, 1941.

For the plaintiff-respondent, *Carl Kisselman.*

For the defendants-appellants, *Charles E. Kulp* (*Bartholomew A. Sheehan,* of counsel).

The opinion of the court was delivered by

PORTER, J. This action is to recover a balance due on a contract to renovate a theatre building. It was tried in the Camden County Circuit Court by Judge Shay who granted the plaintiff-respondent's motion for a directed verdict against the defendants-appellants. We conclude that the trial court was right, for reasons to be stated, which leads to the affirmance of the judgment appealed from.

The Aitkens, defendants-appellants, contracted in writing with J. Shlainsey, Inc., plaintiff-respondent, a building contractor, sometime in April, 1938, the contract not bearing any date, for the renovating of their theatre building in Camden (hereinafter called the Aitken contract). The contract provided that certain specified work be done for the sum of $3,650 payable in four installments of $500 each from April 23d, 1938, to May 14th, 1938, and the balance of $1,650 upon the completion of the work. The payments were not made

as agreed to and about May 10th, 1938, the plaintiff-respondent stopped work. It had then completed work of an estimated value of slightly more than $2,000. The only payment made by defendants-appellants was the sum of $200. It appears that their purpose in renovating the building was so that the property might be more saleable. On August 8th, 1938, an agreement was made by them for the sale of the property to one Fred Weiland. This sale, however, was not consummated and Weiland did not take title although he was in possession for a time.

Under the date of September 7th, 1938, the plaintiff-respondent entered into a written contract with Weiland (hereinafter called the Weiland contract) wherein it was agreed that plaintiff-respondent would complete the work as provided in the Aitkens contract and that Weiland would pay the balance due thereunder. There was also a separate agreement that certain extra work was also to be done for which Weiland was to pay. All of the work was completed. We are not concerned with the extra work nor whether Weiland paid for it or not. He did, however, pay plaintiff-respondent $1,700 for the work contracted for by the Aitkens which with the $200 paid by them makes $1,900 paid on the contract price of $3,650 leaving due $1,750. The instant suit is for the recovery of that sum with interest.

The defense is that the Weiland contract was substituted for the Aitken contract and that it constituted a novation and relieved the Aitkens of further obligation under their contract.

The sole question for our consideration is the propriety of the trial court's ruling in directing a verdict for the plaintiff-respondent.

We conclude that there was no novation under the undisputed facts. When the Weiland contract was made there had been a default by the defendants-appellants on their contract. They were then indebted to plaintiff-respondent for about $1,800 for the work then completed. Nothing in the Weiland contract either expressly or by implication discharges defendants-appellants from their obligation. True, plaintiff-respondent exacted a promise from Weiland to pay the Aitken obli-

gation. It apparently was unwilling to make an agreement for extra work to be done for Weiland, which it did by a separate written contract, unless Weiland also agreed to pay for the work under the Aitkens contract. Indeed, Weiland did pay, as already stated above, the sum of $1,700 which plaintiff-respondent duly credited to the defendants'-appellants' account. These facts do not constitute novation in the absence of any agreement by the defendants-appellants. They were not parties to the Weiland contract and did not concur in it. So far as the proofs show they were not even consulted about it. Novation is never presumed. To constitute novation involving three parties as here, an old debtor, a new debtor and a creditor it must appear that all three concurred in the substitution of the new debtor for the old and the release of the latter. 46 *Corp. Jur.* 600. *Mooney* v. *Newbern*, 5 *N. J. Mis. R.* 585; 137 *Atl. Rep.* 567; *Sixteenth Ward Building and Loan Association of Newark* v. *Reliable Loan, Mortgage and Security Co.*, 125 *N. J. Eq.* 340; 4 *Atl. Rep. (2d)* 753.

The facts not being in dispute the question of whether or not there had been a novation was a legal question for the court.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 16.

*For reversal*—None.